**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| LEARLINE ROMINE, et al., | NO. CV 09-00081 SJO |
| Plaintiffs, | **ORDER GRANTING IN PART, DENYING IN PART MOTION TO WITHDRAW** |
| v. | [Docket No. 5] |
| CENTRAL PUGET SOUND REGIONAL TRANSIT AUTHORITY, et al., | |
| Defendants. | |

This matter is before the Court on the Motion for Leave to Withdraw, filed by Noah Davis of IN PACTA PLLC ("Plaintiffs' Counsel"), Counsel for Plaintiffs Robert Buckley ("Buckley") and Buckley's Hauling LLC (collectively, "Plaintiffs") on April 15, 2009. Defendants Central Puget Sound Regional Transit Authority, Leslie Jones, and RCI Herzog (collectively, "Defendants") have not filed an Opposition. The Court found this matter suitable for disposition without oral argument. *See* Fed. R. Civ. P. 78(b). For the following reasons, Plaintiffs' Counsel's Motion is GRANTED IN PART, DENIED IN PART.

## I. BACKGROUND[1]

On January 16, 2009, Plaintiffs' Counsel filed a Complaint on behalf of Buckley and on April 6, 2009, filed a First Amended Complaint on behalf of Buckley and Buckley's Hauling LLC. (*See* Compl.; First Am. Compl.) Plaintiffs' Counsel now moves to withdraw as counsel for Buckley and Buckley's Hauling LLC on the grounds that Plaintiffs' Counsel has discovered that he knows one of the Defendants and therefore must withdraw as a result of a conflict of interest pursuant to Washington Rule of Professional Conduct 1.7(a)(2) and that because Plaintiffs' Counsel has fulfilled the tasks contemplated in his limited representation agreement with Plaintiffs, Plaintiffs have consented to the withdrawal. (*See* Mot. Withdraw 1; Decl. Noah Davis ¶¶ 3, 5–6; Supplemental Decl. Noah Davis Supp. Mot. Withdraw ("Supplemental Decl. Noah Davis") ¶¶ 4–8.)

## II. DISCUSSION

### A. Grounds for Withdrawal

The Washington Rules of Professional Conduct govern the conduct of lawyers practicing before the Western District of Washington. *Jones v. Rabanco, Ltd.*, No. C03-3195P, 2006 WL 2401270, at *1 (W.D. Wash. Aug. 18, 2006) (internal citation omitted). Washington Rule of Professional Conduct 1.7 provides that "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if . . . there is a significant risk that the representation of one or more clients will be materially limited by . . . a personal interest of the lawyer." Wash. R. Prof'l Conduct 1.7(a)(2). The Washington Rules of Professional Conduct further specify that a lawyer shall, in compliance with applicable laws requiring notice to or permission of the court, "withdraw from the representation of a client if . . . the representation will result in violation" of any of the Washington Rules of Professional Conduct, including those relating to conflicts of interest. Wash. R. Prof'l Conduct 1.16(a)(1).

---

[1] Because all judges in the Western District of Washington recused themselves from this case, the action was re-assigned, pursuant to 28 U.S.C. § 292(b), to Judge S. James Otero of the U.S. District Court for the Central District of California who is to perform the duties of a district judge for the Western District of Washington for the purposes of this case. (*See* Designation of a District Judge for Service in Another District Within the Ninth Circuit; Minute Order of Feb. 23, 2009.)

1     Here, the Court finds that the withdrawal of Plaintiffs' Counsel is appropriate based on his personal conflict of interest. Plaintiffs' Counsel has represented that, after accepting the representation, he learned that he knows one of the Defendants and now believes that his representation would be "materially limited" by this personal interest. *See* Wash. R. Prof'l Conduct 1.7(a)(2); Decl. Noah Davis ¶ 6; Supplemental Decl. Noah Davis ¶¶ 7–8. Under these circumstances, the Washington Rules of Professional Conduct require Plaintiffs' Counsel to seek leave to withdraw and the Court finds it to be in Plaintiffs' best interest for Plaintiffs' counsel to be replaced by counsel who can fully protect their interests.

### B.    Procedural Requirements

    The Washington Rules of Professional Conduct provide that a lawyer seeking to withdraw as counsel "must comply with the applicable law requiring notice to or permission of" the court. Wash. R. Prof'l Conduct 1.16(c). The General Rules of the U.S. District Court for the Western District of Washington provide that an attorney who has appeared in a civil case may not withdraw "except by leave of court," which "shall be obtained by filing a motion . . . and a proposed order for withdrawal." W. D. Wash. General R. 2(g)(4)(A). Such a motion to withdraw must be noted in accordance with the Rules of the U.S. District Court for the Western District of Washington and include a certification that the motion was served on the client and opposing counsel. *Id.*

    Here, Plaintiffs' Counsel, in filing his Motion to Withdraw along with a proposed order, has properly sought leave of the Court to withdraw as counsel for Plaintiffs. Moreover, the Motion was noted in compliance with Civil Rule 7(d)(2)(E) of the U.S. District Court for the Western District of Washington, as it was noted for consideration more than seven days after filing. *See* W.D. Wash. Civ. R. 7(d)(2)(E). The Motion also includes a certification that it was served by mail on Buckley and Buckley's Hauling LLC and that because the action has been filed but not served on Defendants, there is currently no opposing counsel in the case. (*See* Decl. Noah Davis ¶¶ 5, 7; Supplemental Decl. Noah Davis ¶ 3.) Nevertheless, Plaintiffs' Counsel did inform Defendant Central Puget Sound Regional Transit Authority's in-house counsel of his intent to withdraw. (*See* Decl. Noah Davis ¶ 7.) Therefore, Plaintiffs' Counsel has satisfied the general requirements for withdrawal under the Western District of Washington's General Rule 2(g)(4)(A).

Western District of Washington's General Rule 2(g)(4)(B), however, includes an additional requirement for a motion to withdraw from representing a "business entity." *See* W. D. Wash. General R. 2(g)(4)(B). Specifically, the rules provide that "[a] business entity, except a sole proprietorship, must be represented by counsel." *Id.* As such,

> [i]f the attorney for a business entity, except a sole proprietorship, is seeking to withdraw, the attorney shall certify to the court that he or she has advised the business entity that it is required by law to be represented by an attorney admitted to practice before this court and that failure to obtain a replacement attorney by the date the withdrawal is effective may result in the dismissal of the business entity's claims for failure to prosecute and/or entry of default against the business entity as to any claims of the other parties.

*Id.*; *see Equal Employment Opportunity Comm'n v. Bonneville Hot Springs, Inc.*, No. C07-5321, 2009 WL 5291000, at *2 (W.D. Wash. Feb. 27, 2009) (granting motion to withdraw as counsel for defendant corporation where attorney complied with General Rule 2(g)(4) by certifying that he had advised his client, a corporation, "that it is required by law to be represented by counsel in court.")

In this case, Buckley's Hauling LLC, a company that was incorporated in Washington in 2006 and performs a variety of operations, including hauling materials, equipment rental, scrapping, and demolition work, is clearly a "business entity" and therefore subject to General Rule 2(g)(4)(B). *See* W. D. Wash. General R. 2(g)(4)(B); First Am. Compl. ¶¶ 14–15. Nevertheless, Plaintiffs' Counsel has merely represented that he "informed Mr. Buckley that LLCs may or may not be required to have an attorney appear on their behalf to represent the LLC's claim." (Decl. Noah Davis ¶ 4.) This certification is insufficient to satisfy the requirement that Plaintiffs' Counsel expressly notify Buckley's Hauling LLC that it is required to be represented by an attorney and failure to timely obtain a replacement attorney may result in dismissal for lack of prosecution or the entry of default against it. *See* W. D. Wash. General R. 2(g)(4)(B). As such, Plaintiffs' Counsel has failed to satisfy this requirement for withdrawal from representation of Buckley Hauling LLC and the Court cannot allow Plaintiffs' counsel to withdraw from this representation until he has properly informed the company of the ramifications of his withdrawal.

Because Plaintiffs' Counsel has satisfied the procedural requirements of the General Rules of the Western District of Washington for withdrawal from representation of Buckley but not Buckley Hauling LLC, the Court GRANTS Plaintiffs' Counsel's Motion to the extent Plaintiffs'

Counsel seeks to withdraw as counsel for Buckley and DENIES Plaintiffs' Counsel's Motion to the extent Plaintiffs' Counsel seeks to withdraw as counsel for Buckley Hauling LLC.

III. RULING

For the foregoing reasons, Plaintiffs' Counsel's Motion to Withdraw is GRANTED IN PART to the extent Plaintiffs' Counsel seeks to withdraw as counsel for Plaintiff Robert Buckley but DENIED IN PART to the extent Plaintiffs' Counsel seeks to withdraw as counsel for Plaintiff Buckley's Hauling LLC. The denial is without prejudice and Plaintiffs' Counsel should re-file a Motion to Withdraw, which satisfies all requirements of the Rules of the U.S. District Court for the Western District of Washington with respect to withdrawal of representation of a business entity.

IT IS SO ORDERED.

April 30, 2009

*S. James Otero*

S. JAMES OTERO
UNITED STATES DISTRICT JUDGE